IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LISA GAIL LOUWERSE   :

 Plaintiff     : Case No. 3:14-cv-2360

 v.        : (Judge Richard P. Conaboy)

CAROLYN W. COLVIN   :
ACTING COMMISSIONER OF
SOCIAL SECURITY    :

 Defendant    :

FILED
SCRANTON

JUL 2 1 2016

PER _____
DEPUTY CLERK

Memorandum

We consider here Plaintiff's counsel's Motion for Attorney's Fees (Doc. 33) in connection with his successful representation of his client in an appeal from the decision of the Social Security Administration. Counsel's motion seeks an Equal Access to Justice Act ("EAJA") attorney's fee of $8,911.44 and costs of $50.00 comprising a total award sought of $8,961.44.

The Government opposes this motion and argues that the award sought by Plaintiff's counsel seeks payment for time that it characterizes as "unreasonable or non-compensable". Accordingly, the Government asks that the total award of fees and costs here be limited to the sum of $5,861.77. The Government contends that Plaintiff's counsel was in some manner responsible for a clerical error in the Clerk's office that resulted in this Court granting the Government's Motion to Dismiss (Doc. 12) by Order dated May 11,

1

2015 (Doc. 14).[1] The Government also contends that Plaintiff's
counsel improperly billed for time that was purely clerical in
nature and also inflated the amount of time necessary to prepare
his brief.

With respect to the Government's claim that Plaintiff's
counsel billed for purely clerical time, it is certainly true that
an attorney may not reasonably seek an EAJA fee for administrative
tasks that could have been performed by non-lawyers.  See, e.g.,
Walton v. Massanoir, 177 F. Supp 2d. 359, 361(E.D. Pa. 2001); also
Bieler v. Bowen, 675 F. Supp. 200, 204 (D.N.J. 1987).
Specifically, hours expended doing such tasks as docketing,
effecting service, and preparing routine letters to clients are
purely clerical tasks that should not be included in an EAJA fee
petition.  Debose v. Apfel, 2000 WL 298297 (E.D. Pa. 2000).  With
these criteria in mind, the Court has determined that the following
time entries (billed at $100.00 per hour by paralegals) will not be
compensated:

> 10/28/14 federal court incoming referral
> acknowledgment letter-referral source .2 hours
>
> 11/4/14 telephone call to client re: federal debt
> check attempt .1 hours
>
> 11/12/14 review file for updated contact information

---

[1] The Court issued the Order of May 11, 2015 based upon its review of the docket which, at
that time, incorrectly indicated that Plaintiff's complaint was filed out of time.  This development,
for which Plaintiff's counsel bore no responsibility, ultimately necessitated his filing of a Motion for
Reconsideration (Doc. 15) and a prophylactic appeal in this matter.

2

re: client unreachable .2 hours

12/4/14 telephone call to client re: conference
call, re: federal debt check .3 hours

12/4/14 mailed federal court forms packet to client
.1 hours

12/4/14 FDC packets prepared for client completion
.5 hours

12/4/14 telephone call to client re: completion of
federal forms .4 hours

12/8/14 telephone call to client re: follow-up on
federal court forms .2 hours

12/11/14 FDC prospect packet returned via right
signature, reviewed for completion .3 hours

11/23/15 download, file and save transcript in
eighteen (18) parts .6 hours

11/24/15 combine OCR and book marked federal court
transcript .5 hours

121/2/15 verified transcript .75 hours

12/2/15 download, file and save transcript 1.2 hours

12/3/15 attempted to process transcript missing and
duplicate pages .5 hours

12/3/15 review exhibit file 1 hour

12/7/15 download file and save transcript .2 hours

12/8/15 combine OCR and book mark full transcript .5
hours

The above-noted time entries are disallowed and result in a total
deduction of 7.55 hours of paralegal time amounting to $755.00.

The remaining Government requests to pare this fee award
concern allegations that Plaintiff's counsel billed for time

3

unreasonably expended period.  The Government seeks disallowance of 1.9 hours expended by Plaintiff's counsel between March 26, 2015 and May 12, 2015 related to its Motion to Dismiss Plaintiff's Complaint.  The Government asserts that the time expended by Plaintiff's attorney in connection with reviewing and analyzing the Motion to Dismiss was excessive because Plaintiff's counsel never filed a response thereto.  Plaintiff's counsel asserts that while it is true that a response was never filed, it was still necessary to expend the time indicated on his time sheets discovering what the previously referenced error on the docket was and to perform legal research as to the effect of such a docketing error.  The Court accepts this explanation as reasonable and there will be no reduction for any portion of the 1.9 hours Plaintiff's counsel expended between March 26, 2015 and May 12, 2015.

The Government also challenged the propriety of .5 hours expended by Plaintiff's attorney on June 15, 2015 relating to Plaintiff's Second Motion for Reconsideration.  Plaintiff's counsel explains that the second such motion became necessary "because the agency refused to acknowledge the undisputed fact that the December 2014 initial filing was timely as indicated by the Clerk of Court." (Doc. 36 at 9).  Here again, Plaintiff's counsel's explanation is both credible and logical and no deduction will be authorized pursuant to time he expended on June 15, 2015.

4

Another of the Government's contentions concerns 5.8 hours of attorney time expended by Plaintiff's counsel in connection with what the Government characterizes as "Plaintiff's unwarranted and premature appeal to the Third Circuit." (Doc. 35 at 6). Plaintiff's counsel argues that the appeal to the Third Circuit was a necessary prophylactic step to protect his client's rights because the Court had not yet ruled on his Second Motion for Reconsideration and the time frame for filing his appeal was close to expiration. We cannot fault Plaintiff's counsel for making the appeal in the garbled context of the docket that was created in this case and resultant confusion that plagued this matter. There will be no deduction for the 5.8 hours expended by Plaintiff's counsel in researching the need for and the drafting of his appeal.

Finally, the Government seeks a reduction of 3.7 hours of attorney time on the basis that Plaintiff's counsel overstated the time expended to prepare and file a motion to file a brief in excess of the length normally allowed by the Local Rules and also should have directed his paralegal to perform a review of the transcript rather than perform that review himself. The Court finds these objections to be both trivial and unsupported and no deduction will be permitted for this reason.

**Conclusion:**

Plaintiff's counsel's request for attorney's fees and costs pursuant to the EAJA in the amount of $8,961.44 will be granted

subject to the aforementioned deductions totaling $755.00.[2]
Accordingly, the Court finds that Plaintiff's counsel is entitled
to an EAJA award in the amount of $8,206.44.  An Order to this
effect will be issued contemporaneously with this Memorandum.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated:_____

_____

[2] The value of the attorney time is calculated at $194.51 per hour and the value of the paralegal time is calculated at $100.00 per hour.

6